106 F.3d 404
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Rodney WOOD, Petitioner-Appellant,
v.
Jack R. DUCKWORTH, Respondent-Appellee.
 No. 95-3317.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 12, 1996.*
Decided Jan. 21, 1997.
 
 Before COFFEY, EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Rodney Wood is an inmate at the Indiana Reformatory in Pendleton, Indiana. Wood was found by a Conduct Adjustment Board (CAB) of being a habitual rule violator in violation of Code 105 of the Indiana Adult Disciplinary Policy Procedure and received a sanction of one year in disciplinary segregation. After exhausting his administrative appeals Wood filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 alleging due process violations concerning the habitual offender charge and some of the underlying conduct determinations. The district court summarily dismissed this petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Wood appeals this dismissal and we vacate and remand.[1]
 
 
 2
 Wood contends that the district court erred in dismissing his petition without first determining whether his punishment imposed "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" that created a liberty interest protected by the due process clause of the Constitution. Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995). We have recently considered a similar case, noting:
 
 
 3
 [I]f conditions in segregation were considerably harsher than those of the normal prison environment--a factual issue requiring for its resolution a comparison between the conditions of confinement of the general population and those in the segregation unit--then a year of it might count as a deprivation of liberty where a few days or even weeks might not. This will require a remand to determine.
 
 
 4
 Bryan v. Duckworth, 88 F.3d 431, 433 (7th Cir.1996). The district court did not have the benefit of our decision in Bryan and thus did not analyze whether the sanction imposed "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" that created a liberty interest protected by due process. Sandin, 115 S.Ct. at 2300.
 
 
 5
 In addition, if on remand the district court determines that there is no merit to Wood's claim that he was denied due process, it will be unnecessary to determine the existence of a liberty interest.
 
 
 6
 VACATED AND REMANDED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 We presume for purposes of this appeal that Wood's petition is not moot even though he may no longer be in disciplinary segregation. Collateral consequences are presumed and the burden of rebutting the presumption is on the Respondent. Bryan v. Duckworth, 88 F.3d 431, 433 (7th Cir.1996). Because Wood's petition was summarily dismissed, the state did not respond in the district court and has not filed a brief on appeal